

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

District of Columbia

**FILED**

APR 1 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 10, 2008

**Via U.S. Mail and Facsimile (215-751-2205)**
Elizabeth K. Ainslie, Esq.
Schnader Harrison Segal & Lewis, LLP
1600 Market Street
Philadelphia, PA 19103-7286

08-79 (CKK)
USA v. Cryostar SAS

Re:  Cryostar SAS

Dear Ms. Ainslie:

This letter sets forth the plea agreement that this Office is willing to enter into with your client, Cryostar SAS (formerly Cryostar-France SA). **This plea offer expires on Monday, March 17, 2008.** If your client accepts the terms and conditions of this offer, please have an authorized representative of your client execute this document in the space provided below and return it to me. Please include a notarized copy of the corporate certification which states that your client has authorized this plea agreement and has empowered you, Elizabeth K. Ainslie, Esq., as its outside counsel to act on its behalf for purposes of this plea. Upon my receipt of this document (along with the aforementioned corporate certification), this letter will become the plea agreement. The terms of the agreement are as follows:

1. **Charges**. Your client agrees to waive indictment and enter a plea of guilty to a three-count Criminal Information, to be filed in the United States District Court for the District of Columbia, charging your client with conspiracy, in violation of 18 U.S.C. § 371 (Count One), and an illegal export and an attempted illegal export, in violation of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-1706, and the relevant provisions of the Iranian Transactions Regulations, 31 C.F.R. Part 560 (Counts Two and Three, respectively). A copy of the Information is attached. Your client agrees to appear before the Court through an authorized representative and to admit its guilt to the offenses charged in the Information, accept the attached Factual Proffer as the basis for its admission of guilt, and admit these facts when its plea is entered before the Court.

2. **Potential penalties and assessments**. Your client, as a corporate violator, understands that for each of Counts One, Two, and Three, pursuant to 18 U.S.C. § 3571(c)(3), the maximum

penalty could be a criminal fine of $500,000 (for a combined maximum criminal fine of $1,500,000). Your client is also subject to a term of corporate probation of five years pursuant to 18 U.S.C. § 3561. In addition, pursuant to 18 U.S.C. § 3013(a)(2)(B), your client agrees to pay the mandatory special assessment of $1,200 to the Clerk of the United States District Court at the time of sentencing.

3. **Additional charges.** In consideration and as an express condition of the corporate plea, no additional criminal charges will be filed, in connection with the conduct giving rise to this plea agreement, against Cryostar SAS, its affiliates, or its successors-in-interest.

4. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client also understands that as part of the entry of this guilty plea, your client specifically waives any rights to a speedy trial or sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

Your client waives any challenges to venue or jurisdiction in the District of Columbia.

5. **Sentencing Guidelines**. The parties to this agreement agree that your client's sentence is not governed by the United States Sentencing Guidelines. That is because, although the offense conduct to which your client is pleading guilty is covered by § 2M5.1(a), that Guideline is not listed under § 8C2.1 which governs fines for organizations. Accordingly, pursuant to § 8C2.10, the sentence is to be determined by applying 18 U.S.C. §§ 3553 and 3572.

6. **Plea Pursuant to Rule 11(c)(1)(C)**. Your client and the government agree that a criminal fine of $500,000 and corporate probation of two years, is the appropriate sentence for the offenses to which your client is pleading guilty. The parties agree that $500,000 is the appropriate criminal fine in resolution of this matter, taking into account the inapplicability of the Guidelines, the nature and circumstances of the offenses and the need for the sentence imposed to reflect the seriousness of the offenses; to promote respect for the law; to provide just punishment for the offenses; to afford adequate deterrence to criminal conduct; to protect the public from further crimes; and in recognition of the civil fine that has been paid and other civil sanctions that have been imposed. 18 U.S.C. § 3553(a)(1). The criminal fine shall be paid by cashier's check or certified check made payable to

-2-

"Clerk, United States District Court for the District of Columbia" at the time of sentencing.

Your client agrees that no portion of the $500,000 that your client has agreed to pay under the terms of this agreement is deductible on any Federal, State, or foreign tax or information return.

In addition to any other conditions of probation that the United States Probation Office may propose and/or the Court may impose, your client and the government further agree that the following conditions of corporate probation are appropriate in this case and your client agrees to abide by them: (1) your client shall pay the sum set forth in this agreement; and (2) pursuant to 18 U.S.C. § 3563(a)(1), your client shall not commit any federal, state or local crimes during the term of probation.

The government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

7. **Reservation of allocution.** Your client understands that the United States reserves its full right of allocution for purposes of sentencing in this matter in the event the Court rejects the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure or your client withdraws its plea. In such an event, the United States reserves its right to recommend a fine up to the maximum fine allowable by law. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charges to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

8. **Breach of agreement**. Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has

committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement, including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn.

If your client breaches this plea agreement, any prosecutions of your client not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced against your client in accordance with this paragraph, notwithstanding the running of the statute of limitations before the commencement of such prosecutions. Your client knowingly and voluntarily agrees to waive any and all defenses based on any statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by preponderance of the evidence in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute it for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

9. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals

-4-

and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. The United States Attorney's Office for the District of Columbia agrees to contact any prosecuting jurisdiction and advise that jurisdiction of the terms of this agreement.

There is a separate agreement between your client and the Department of Commerce regarding disposition of certain civil claims against your client which is attached. Your client has separately agreed with the Department of Commerce to settle its civil liability with, among other conditions, a fine which is set forth in that attached agreement.

10.  **No other agreements**.  No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below, initial every page of this agreement, and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

        Sincerely,

        JEFFREY A. TAYLOR
        United States Attorney

        _____
        Jonathan M. Malis
        Assistant United States Attorney
        (202) 305-9665

## Defendant's Agreement

I am Daniel Meyer, President of Cryostar SAS. I am authorized by Cryostar SAS to act on its behalf in this matter.

I have read this plea agreement and carefully reviewed every part of it with the corporation's attorney, Elizabeth K. Ainslie, Esq. I am fully satisfied with the legal services provided by Ms. Ainslie in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me or Cryostar SAS, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me or Cryostar SAS, other than those set forth above.

MARCH 17, 2008
Date

By: Daniel Meyer
President, Cryostar SAS

## Attorney's Acknowledgment

I am counsel for Cryostar SAS. I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed fully the provisions of the agreement with my client. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

3/19/08
Date

Elizabeth K. Ainslie, Esq
Counsel for Cryostar SAS



On behalf of Cryostar SAS. I, Daniel Meyer, President of Cryostar SAS, a company duly incorporated and validly existing under the laws of France, having its registered office at Zone Industrielle, 68220 Hesingue, France, and representing the unique shareholder The BOC Group SAS, accept the terms of the plea agreement entered into between Cryostar SAS and the U.S. Department of Justice, United States Attorneys Office for the District of Columbia.

I herewith authorize Elizabeth K. Ainslie, Esq., to do all acts of any nature and kind relating to this plea agreement in the name and on behalf of Cryostar SAS.

Dated: February 28, 2008

Daniel Meyer, President

LEGALISATION DE SIGNATURE
Je soussigné Maître Jean-Marc HASSLER, notaire à WITTELSHEIM
(Haut Rhin) - FRANCE, LEGALISE la signature apposée ci-dessus
de Monsieur Daniel MEYER, Président de CRYOSTAR SAS.
Fait à WITTELSHEIM, le vingt huit février deux mil huit.

Notaire

★ CRYOSTAR SAS